IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MST, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT**   2:22-cv-874-MBS |
| vs. ) | |
| ) | |
| North American Land Trust and ) | |
| Georgetown Memorial Hospital, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

TO THE DEFENDANTS ABOVE-NAMED AND THEIR COUNSEL:

MST, LLC ("Plaintiff" or "MST"), through its undersigned attorneys brings this action for a declaratory judgment against the Defendants, alleging and stating as follows:

## PARTIES, JURISDICTION AND VENUE

1. MST is Nevada limited liability company and the owner of certain real property in Georgetown County, South Carolina as described below.

2. Defendant North American Land Trust ("NALT) is, upon information and belief, a Pennsylvania non-profit corporation with its headquarters at 100 Hickory Hill Rd, Chadds Ford, PA 19317.

3. Defendant Georgetown Memorial Hospital (the "Hospital") is, upon information and belief, a South Carolina non-profit corporation with its headquarters at 606 Black River Rd, Georgetown, SC 29440.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, because the case arises under federal law and involves a federal question, and

further pursuant to 28 U.S. C. § 1332, because there is complete diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds the sum or value of $75,000.

5. Venue is proper in the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. 1391(b)(2) because the real property at issue is located in Georgetown County, South Carolina, and the principal place of business of The Hospital is in Georgetown County, South Carolina.

## BACKGROUND

6. MST is the owner of certain real property in Georgetown County known as Weehaw Plantation that is identified by TMS No. 02-1009-018-02-00 (658.56 acres) ("Weehaw"). MST purchased Weehaw from Kyle N. Young and Jaqueline M. Young, as evidenced by deed, dated June 16, 2010, recorded in the Register of Deeds for Georgetown County (the "ROD") at Book 1497 Page 342.

7. 15 years earlier, the prior owners of Weehaw, named Larry and Judy Young, granted NALT a Conservation Easement and Declaration of Restrictive Covenants (the "Conservation Easement"), dated December 29, 1995, that is recorded in the ROD at Deed Book 0669, page 0300. A copy of the Conservation Easement is attached as **Exhibit 1**.

8. The Conservation Easement perpetually encumbers what is defined above as Weehaw, as well as approximately 56.75 acres currently owned by the Hospital (the "Hospital Easement Property") that were subdivided from Weehaw prior to MST's ownership.

9. Weehaw and the Hospital Easement Property derive from a common grantor, as explained above, and are contiguous properties. The entrance road to Weehaw from Wedgefield Road crosses through the middle of the Hospital Easement Property.

10. The Conservation Easement recognizes that the encumbered property, which includes Weehaw and the Hospital Easement Property, is ecologically significant and that its conservation is a benefit to the general public. The Conservation Easement and the accompanying Baseline Documentation, attached as **Exhibit 2**, recite the environmental, conservation, and open space values of the encumbered property in detail.

11. As reflected in the Conservation Easement and Baseline Documentation, the Conservation Easement serves several conservation purposes, including, *inter alia*, the preservation of the valuable scenic vistas, which are observable from Highway 701 and Wedgefield Road, and the protection of the property's environmental systems, which provide an important, ecologically stable habitat for flora and fauna.

12. An endangered species, known as Red-cockaded Woodpeckers, is among the fauna known and documented to be present on the Weehaw tract and Hospital Easement Property. Federally protected under the Threatened and Endangered Species Act of 1973, Red-Cockaded Woodpeckers nest inside tree cavities and permanently reside in mature pine forests, like that found on the property. According to the experts in this field, habitat loss is a primary factor contributing to the decline of the Red-Cockaded Woodpecker population.

13. In granting the Conservation Easement in 1995, and thereby placing important, conservation-minded restrictions on the land, the Youngs and NALT intended and agreed that "the Property shall be, and hereby is, bound by and made subject to the following covenants and restrictions ***in perpetuity*** . . . ." (double emphasis added).

14. Further, according to its terms. the Conservation Easement creates "a 'conservation easement' as defined in the Conservation Easement Act of 1991, as amended

3

through the date hereof (the 'Act'), Sections 27-8-10 *et seq.* of the South Carolina Code of Laws."

16. Section 27-8-30(C) of the Act requires that "a conservation easement is unlimited in duration unless the instrument creating it provides otherwise." The Conservation Easement at issue does not provide otherwise.

16. Upon information and belief, the Youngs claimed a qualified conservation contribution on their state and federal tax returns, thereby reducing their taxable income and hence their income taxes, on the basis that the Conservation Easement meet the requirements of state and federal law, including in particular 26 C.F.R. § 1.170A–14, Treas. Reg. § 1.170A–14.

17. Nevertheless, years later, the Youngs and NALT attempted to release the Hospital Easement Property from the Conservation Easement by an amendment thereto, dated December 19, 2008, and recorded at Book 1122, Page 80 in the ROD (the "Amendment").

18. Specifically, the Amendment provides, in pertinent part:

> That portion of the Hospital Parcel that is within the boundaries of the Property, being 56.75 acres, more or less, is hereby removed from the Conservation Area and released from the easements, covenants, prohibitions, and restrictions set forth in the Conservation Easement. . .

A copy of the Amendment is attached as **Exhibit 3.**

19. The Hospital owns the Hospital Easement Property as part of a larger, 65-acre tract of land identified by TMS No. 02-1009-018-02-03 (the "Hospital Tract"), which also includes 8.25 acres that are not subject to the Conservation Easement (the "Unencumbered Hospital Property").

20. In November 2008, shortly before the Youngs and NALT attempted to release the Hospital Easement Property from the Conservation Easement, Georgetown County zoned the Hospital Tract as a planned development district, known as the Georgetown Memorial Hospital -

4

Weehaw Campus Planned Development (the "Hospital Weehaw PD"), that permits hospital and medical related uses.

21. In Spring 2021, the Hospital sought to amend the Hospital Weehaw PD to allow a large multifamily housing project on part of the Hospital Tract, including a large portion of the Hospital Easement Property.

22. In addition to prohibiting commercial use, the Conservation Easement prohibits structures such as medical office buildings, hospitals, and multifamily housing.

23. Upon information and belief, the Hospital does not intend to develop the Hospital Tract for a hospital or medical offices. Rather, it entered a purchase and sale agreement with a multifamily developer, known as FourSix Development, to sell it sixteen acres of the Hospital Tract, including the Hospital Easement Property, that was contingent upon adoption of the amendment to the Hospital Weehaw PD to add and allow multifamily use.

24. County Council considered the amendment to the Hospital Weehaw PD in April and May of 2021.

25. On or about May 7, 2021, while the amendment to the zoning of the Hospital Tract was pending before County Council, a letter was sent to the Hospital, NALT, and County Council on behalf of neighboring owners informing them that the purported Amendment in 2008 was legally ineffective in removing the Hospital Easement Property from the terms and conditions of the Conservation Easement under federal and state law, and that litigation to obtain a determination to this effect was likely. A copy of the letter of May 7, 2021, is attached as **Exhibit 4**.

26. Neither the Hospital nor NALT formally responded to this letter nor did the Hospital withdraw its application for the zoning change for multifamily use; upon information

and belief, both Defendants assert that the Amendment was effective in removing the Hospital Easement Property from the encumbrance of the Conservation Easement.

27. On or about May 25, 2021, County Council conducted a third reading of the amendment to the Hospital Weehaw PD. A copy of the meeting packet concerning this proposed zoning amendment is attached as **Exhibit 5**. A representative of MST attended the council meeting and spoke in opposition to the amendment, as he had at previous meetings where the zoning amendment was considered.

28. The motion to approve the amendment to the zoning on third reading resulted in a tie vote and failed to pass.

29. The commercial uses that are allowed under the existing Hospital Weehaw PD are contrary to the terms and conditions of the Conservation Easement.

30. Upon information and belief, all or a portion of the Hospital Easement Property is at risk of being sold to a third party for uses that violate the terms and conditions of the Conservation Easement and would defeat the conservation purposes stated in the Conservation Easement, including the preservation of scenic vistas observable from Highway 701 and Wedgefield Road, as well as protection and enhancement of environmental systems that are, today, now constituting critical habitat for the Red-Cockaded Woodpecker among other species.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

31. Plaintiff realleges and restates the allegations of the preceding paragraphs as if fully restated herein.

32. Upon information and belief, the Hospital and the NATL assert that the Amendment is enforceable and valid, and that the Amendment was legally effective in removing the Hospital Easement Property from the Conservation Easement as evidenced by the zoning

6

application of the Hospital last year. Plaintiff disputes that contention and asserts that the Amendment is null, void, and unlawful because the Conservation Easement that applies to both Plaintiff's real property and the Hospital's real property was required by federal law to encumber all real property subject to the easement in perpetuity.

33. Pursuant to 28 U.S.C. §2201, et. seq. and Rule 37 of the Federal Rules of Civil procedure, Plaintiff seeks a declaratory judgment that the Amendment purporting to remove property from the Hospital Easement Property from scope of the Conservation Easement is invalid as a matter of law because the Conservation Easement requires that the property encumbered by the Conservation Easement be encumbered in perpetuity.

34. The Conservation Easement provides that "Grantee shall have no right or power to agree to any amendments hereto that would result in this [easement] failing to qualify as a valid conservation easement under the Act, as the same may be hereafter amended, of Section l70(h) of the Code as hereafter amended. Section 170(h) of the Code refers to 26 U.S.C. §170(h) and all of its subparts."

35. Regarding the donation of a conservation easement to a qualified organization for conservation purposes, restrictions on the use which may be made of the real property must be granted in perpetuity. See 26 U.S.C. §170(h)(2)(C).

36. 26 U.S.C. §170(h)(5)(A) provides in pertinent part that "[a] contribution shall not be treated as exclusively for conservation purposes unless the conservation purpose is protected in perpetuity."

37. These same controlling federal regulations require the real property encumbered in perpetuity be specifically identified.

38. Real property encumbered by a qualified conservation contribution cannot be later removed from the terms and conditions of the Conservation Easement without violating 26 U.S.C. §170(h) and its subparts.

39. Therefore, because the Amendment violates the provisions of section 107(h) cited above, Plaintiff asks this Court to issue a declaratory judgment that the Amendment is null, void, and unlawful and affirming that the Conservation Easement still encumbers the Hospital Easement Property without amendment of any sort.

WHEREFORE, the Plaintiff demands and prays:

a. For a declaratory judgment against all Defendants declaring that the Amendment is invalid, and the Hospital Easement Property is subject to and encumbered by all the terms and conditions of the Conservation Easement.

b. For an award of Plaintiff's attorneys' fees and costs.

c. For such other and further relief to which they may be entitled, including any relief that this Honorable Court deems just and proper.

Respectfully Submitted,

s/ **G. Trenholm Walker**
**G. Trenholm Walker (Fed ID# 4487)**
Direct: (843) 727-2208
Email: Walker@WGLFIRM.com
**John P. Linton, Jr. (Fed ID# 11089)**
Direct: (843) 727-2252
Email: Linton@WGLFIRM.com
**James W. Clement (Fed ID# 12720)**
Direct: (843) 727-2224
Email: Clement@WGLFIRM.com
**WALKER GRESSETTE & LINTON, LLC**
Mail: P.O. Drawer 22167, Charleston, SC 29413
Office: 66 Hasell Street, Charleston, SC 29401
Phone: (843) 727-2200

**ATTORNEYS FOR PLAINTIFF**

March 16, 2022
Charleston, South Carolina