## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| MST, LLC, <br><br> Plaintiff, <br><br> v. <br><br> North American Land Trust and Georgetown Memorial Hospital, <br><br> Defendants. | Case No. 2:22-cv-874-DCN <br><br> **DEFENDANT NORTH AMERICAN LAND TRUST'S ANSWER AND COUNTERCLAIM** |

Defendant North American Land Trust ("NALT") hereby answers Plaintiff MST, LLC's ("Plaintiff" or "MST") Complaint (ECF No. 1) and responds to the allegations therein as follows:

### PARTIES, JURISDICTION AND VENUE

1. NALT is without information sufficient to admit or deny the allegations contained in paragraph 1 and therefore denies them.

2. NALT admits the allegations of paragraph 2.

3. NALT is without information sufficient to admit or deny the allegations contained in paragraph 3 and therefore denies them.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent NALT must respond to the contents of paragraph 4, NALT denies them.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent NALT must respond to the contents of paragraph 5, NALT denies them.

6. NALT admits the allegations in paragraph 6, referring to the described deed for the extent of the property and interests conveyed by the Youngs to MST.

7. NALT admits the allegations in paragraph 7.

8. NALT denies the allegations in paragraph 8.

9. Answering the allegations of paragraph 9, NALT admits that the property owned by MST and the property owned by Defendant Hospital derive from a common grantor; NALT refers to the deeds and other instruments binding those properties for the extent of their boundaries and access; NALT denies any allegations in Plaintiff's Complaint inconsistent with those recorded instruments.

10. Regarding the allegations in paragraph 10, the instrument and documents described by Plaintiff speak for themselves and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the intended language, terms, provisions, proper application, or effects, if any, of such documents.

11. Regarding the allegations in paragraph 11, the instrument and documents described by Plaintiff speak for themselves and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the intended language, terms, provisions, proper application, or effects, if any, of such documents.

12. NALT is without information sufficient to admit or deny the allegations contained in paragraph 12 regarding the present state of the red-cockaded woodpecker, and it therefore denies them.

13. Regarding the allegations in paragraph 13, the instrument described by Plaintiff speaks for itself and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the intended language, terms, provisions, proper application, or effects, if any, of such instrument.

14. Regarding the allegations in paragraph 14, the instrument described by Plaintiff speaks for itself and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the intended language, terms, provisions, proper application, or effects, if any, of such instrument. To the extent this paragraph states a legal conclusion, no response is required. To the extent NALT must respond to any legal conclusions set forth in paragraph 14, NALT denies them.

15. Regarding the allegations in paragraph 15, the instrument described by Plaintiff speaks for itself and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the intended language, terms, provisions, proper application, or effects, if any, of such instrument. To the extent this paragraph states a legal conclusion, no response is required. To the extent NALT must respond to any legal conclusions set forth in paragraph 15, NALT denies them.

16. To the extent paragraph 16 states a legal conclusion, no response is required. To the extent NALT must respond to any legal conclusions set forth in paragraph 16, NALT

denies them. NALT admits that, to the best of its knowledge and belief, the Youngs claimed a tax benefit associated with the Conservation Easement.

17. Regarding the allegations in paragraph 17, NALT denies the characterization that NALT "attempted" to release the property owned by Defendant Hospital from the Conservation Easement; further answering paragraph 17, the instrument described by Plaintiff speaks for itself and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the intended language, terms, provisions, proper application, or effects, if any, of such instrument.

18. Regarding the allegations in paragraph 18, the instrument described by Plaintiff speaks for itself and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the intended language, terms, provisions, proper application, or effects, if any, of such instrument.

19. NALT is without information sufficient to admit or deny the allegations contained in paragraph 19 and therefore denies them.

20. NALT is without information sufficient to admit or deny the allegations contained in paragraph 20 and therefore denies them. NALT denies the characterization that NALT "attempted" to release the property owned by Defendant Hospital from the Conservation Easement.

21. NALT is without information sufficient to admit or deny the allegations contained in paragraph 21 and therefore denies them.

22. Regarding the allegations in paragraph 22, the instrument described by Plaintiff speaks for itself and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the intended language, terms, provisions, proper application, or effects, if any, of such instrument.

23. NALT is without information sufficient to admit or deny the allegations contained in paragraph 23 and therefore denies them.

24. NALT is without information sufficient to admit or deny the allegations contained in paragraph 24 and therefore denies them.

25. Regarding the allegations in paragraph 25, the document described by Plaintiff speaks for itself and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the language, terms, provisions, proper application, or effects, if any, of such document. NALT is without information sufficient to admit or deny the allegations concerning when the letter at issue was sent and therefore denies them.

26. NALT admits that it did not formally respond to the letter referenced in paragraph 26, and it agrees that the Amendment was effective in removing the property owned by Defendant Hospital from the encumbrance of the Conservation Easement. NALT is without information sufficient to admit or deny the remaining allegations contained in paragraph 26 and therefore denies them.

27. NALT is without information sufficient to admit or deny the allegations contained in paragraph 27 and therefore denies them.

28. NALT is without information sufficient to admit or deny the allegations contained in paragraph 28 and therefore denies them.

29. NALT denies the allegations in paragraph 29.

30. NALT is without information sufficient to admit or deny the allegations contained in paragraph 30 and therefore denies them.

### ANSWERING THE FIRST CAUSE OF ACTION
(Alleged Declaratory Judgment)

31. In response to paragraph 31, NALT incorporates its answers to paragraphs 1-30.

32. NALT admits the allegation in paragraph 32 that the Amendment is enforceable and was legally effective in removing the property owned by Defendant Hospital from the scope of the Conservation Easement, and it admits that Plaintiff disputes this. The remaining allegations of paragraph 32 are denied.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent NALT must respond to the contents of paragraph 33, NALT denies them.

34. Regarding the allegations in paragraph 34, the instrument described by Plaintiff speaks for itself and, therefore, NALT denies any allegations in Plaintiff's Complaint that are inconsistent with, contrary to, mischaracterized, removed from context, or otherwise fail to accurately reflect the intended language, terms, provisions, proper application, or effects, if any, of such instrument.

35. Paragraph 35 states a legal conclusion to which no response is required. To the extent NALT must respond to the contents of paragraph 35, NALT denies them.

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent NALT must respond to the contents of paragraph 36, NALT denies them.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent NALT must respond to the contents of paragraph 37, NALT denies them.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent NALT must respond to the contents of paragraph 38, NALT denies them.

39. NALT denies the allegations of Paragraph 39, and it denies that Plaintiff is entitled to the relief requested.

40. Answering the WHEREFORE paragraph, including its subparagraphs, NALT denies that the Plaintiff is entitled to the judgment requested or to any relief, costs, or damages whatsoever from NALT.

**FOR AN ADDITIONAL DEFENSE**
**(Waiver, Laches, and/or Estoppel)**

41. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

42. Plaintiff's claims are barred by the doctrines of waiver, laches, and/or estoppel.

**FOR AN ADDITIONAL DEFENSE**
**(Unclean Hands)**

43. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

44. Plaintiff's claims are barred by the doctrine of unclean hands.

**FOR AN ADDITIONAL DEFENSE**
**(Ratification)**

45. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

46. To the extent Plaintiff had any cognizable claims, they are barred by the doctrine

of ratification.

### FOR AN ADDITIONAL DEFENSE
### (Acquiescence)

47. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

48. Plaintiff's claims are barred by its acquiescence to the Conservation Easement, as amended.

### FOR AN ADDITIONAL DEFENSE
### (Assumption)

49. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

50. Plaintiff's claims are barred because when it acquired its property it assumed the covenants, restrictions, rights, and obligations of the Conservation Easement, as amended.

### FOR AN ADDITIONAL DEFENSE
### (No Attorney's Fees)

51. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth herein.

52. Plaintiff is not entitled to an award of attorney's fees on any alleged claims and, therefore, Plaintiff should be barred from any such recovery in this action.

### FOR AN ADDITIONAL DEFENSE

53. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

54. NALT hereby incorporates and asserts all defenses pled by any party to this action, to include any pleadings filed before or after this Answer, and specifically, without limitation, all defenses, set-offs, and credits pled to Plaintiff's claims, to the extent not inconsistent with NALT's Answer herein.

**FOR AN ADDITIONAL DEFENSE**
**(Statute of Limitations and/or Repose)**

55. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

56. Plaintiff's claims are barred, in whole or in part by the applicable Statutes of Limitations and/or Repose.

**FOR AN ADDITIONAL DEFENSE**
**(Failure to State a Claim)**

57. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

58. Plaintiff's Complaint fails to state a claim against this Defendant that is proper and cognizable under applicable law.

**FOR AN ADDITIONAL DEFENSE**
**(Failure to Mitigate)**

59. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

60. Plaintiff's claims, requests for relief, and damages should be denied, barred, or reduced due to its failure to mitigate.

## FOR AN ADDITIONAL DEFENSE
### (Ongoing Investigation and Reservation of Rights)

61. NALT references all preceding and succeeding responses of its Answer and incorporates them herein by reference as if fully set forth.

62. NALT reserves the right to amend this Answer and its affirmative defenses and counterclaim after investigation, discovery, and further information is disclosed, including any and all defenses supported by evidence proffered at trial of this matter.

## FURTHER ANSWERING THE COMPLAINT, BY WAY OF COUNTERCLAIM
### (Contractual Indemnification)

63. NALT repeats, reiterates, and re-alleges each and every preceding paragraph as if the same were set forth herein verbatim.

64. MST is the owner of certain real property in Georgetown County, as described in Paragraph 6 of the Plaintiff's Complaint ("Weehaw"), having purchased its property from Kyle N. Young and Jaqueline M. Young (the "Youngs") in 2010, pursuant to a conveyance deed recorded in the Register of Deeds for Georgetown County at Book 1497 Page 342 (MST's Deed).

65. A true and correct copy of MST's Deed is attached as <u>Exhibit 1</u>.

66. MST's Deed states that MST's ownership of and title to Weehaw is subject "to the Conservation Easement and Declaration of Restrictive Covenants made December 29, 1995 between [the Youngs] and the North American Land Trust recorded on December 29, 1995 in Deed Book 669 at Page 300; to the Amendment to Conservation Easement and

Declaration of Restrictive Covenants between [the Youngs] and the North American Land Trust dated December 19, 2008 and recorded on December 30, 2008 in Record Book 1122 at page 80; and to all covenants, conditions, restrictions and easements as may be applicable as recorded in the public records of Georgetown County" (the "Conservation Easement" and the "Amendment").

67. A true and correct copy of the Conservation Easement is attached as <u>Exhibit 2</u>.

68. A true and correct copy of the Amendment to the Conservation Easement is attached as <u>Exhibit 3</u>.

69. Although the Amendment to the Conservation Easement removed certain real property from the scope of the easement, the Conservation Easement encumbers MST's real property which is the subject of this lawsuit.

70. The Conservation Easement, as amended, establishes the rights and obligations of the Grantor and Grantee thereto.

71. NALT is the Grantee identified in the Conservation Easement.

72. MST is the successor to the Grantor of the Conservation Easement, as amended, and it is bound by the covenants and obligations it contains. (*See* <u>Exhibit 2</u>, pp. 10, ¶ 10).

73. The Conservation Easement contains provisions obligating MST, as successor to the Grantor, to indemnify and hold harmless NALT, including from and against any claim, loss, costs (including attorney's fees) or expenses of any nature or kind, including those arising out of and related to MST's Complaint. (*See* Exhibit 2, pp. 7-8).

11

74. Pursuant to the Conservation Easement, NALT is entitled to indemnification from Plaintiff MST for NALT's costs, expenses, and attorney's fees associated with this lawsuit.

WHEREFORE, Defendant NALT prays for relief as follows:

A. For a judgment against Plaintiff MST for contractual indemnification;

B. That NALT be awarded all of its attorney's fees, costs, and expenses incurred in the defense of this lawsuit;

C. That NALT be awarded the costs, expenses, and attorney's fees incurred in bringing its claim for indemnification; and

D. For all such other and further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted,

FORD WALLACE THOMSON LLC

By: s/ Ainsley F. Tillman
Ainsley F. Tillman (Fed. Bar No. 12847)
   Ainsley.Tillman@FordWallace.com
Ian S. Ford (Fed. Bar No. 9057)
   Ian.Ford@FordWallace.com
715 King Street, Charleston, SC  29403
(843) 277-2011
www.FordWallace.com


Of Counsel:

Jordan D. Rosenfeld (Admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR LLP
500 E. Pratt Street, Suite 800
Baltimore, Maryland 21202

Ph: (410) 332-8612
F: (410) 332-8862
jordan.rosenfeld@saul.com

*Attorneys for Defendant North American Land Trust*

Charleston, South Carolina
November 22, 2022