UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MST, LLC, | C/A No. 2:22-cv-00874-DCN |
| Plaintiff, | |
| Versus | **PLAINTIFF'S REPLY TO DEFENDANT NORTH AMERICAN LAND TRUST'S ANSWER AND COUNTERCLAIM** |
| North American Land Trust and Georgetown Memorial Hospital, | **[ECF- 31]** |
| Defendants. | |
| Georgetown Memorial Hospital, | |
| Counterclaim-Plaintiff, | |
| Versus | |
| MST, LLC, | |
| Counterclaim-Defendant. | |
| Georgetown Memorial Hospital, | |
| Third-Party Plaintiff, | |
| Versus | |
| James Murren and Heather Murren, | |
| Third-Party Defendants. | |

The Plaintiff, MST, LLC ("Plaintiff" or "MST"), by and through its undersigned attorneys, hereby responds to the allegations in Defendant North American Land Trust's ("NALT") Answer and Counterclaim, subject to all affirmative defenses and motions as follows,

1.  Plaintiff denies each and every allegation of NALT's Answer and Counterclaim which is not specifically admitted herein.

2. Paragraphs 1 through 62 of NALT's Answer and Counterclaim do not contain allegations directed at MST; rather, Paragraphs 1 through 62 comprise NALT's Answer and Affirmative Defenses to MST's Complaint and do not require a response from MST. To the extent a response is deemed necessary, MST denies any and all allegations contained in Paragraphs 1 through 62 of NALT's Answer and Counterclaim.

### IN RESPONSE TO NALT'S COUNTERCLAIM
(Contractual Indemnification)

3. In response to the allegations contained in Paragraph 63 of NALT's Answer and Counterclaim, MST incorporates the above paragraphs as if fully restated verbatim herein.

4. MST admits the allegations contained in Paragraph 64 of NALT's Answer and Counterclaim.

5. In response to Paragraph 65 of NALT's Answer and Counterclaim, MST craves refence to its deed and denies any allegations inconsistent therewith.

6. To the extent the allegations contained in Paragraph 66 seek to quote, paraphrase, or characterize the contents of MST's Deed, the deed speaks for itself as a written document, and MST denies the allegations to the extent they contradict MST's deed.

7. In response to Paragraph 67 of NALT's Answer and Counterclaim, MST craves refence to the Conservation Easement and denies any allegation inconsistent therewith.

8. In response to Paragraph 68 of NALT's Answer and Counterclaim, MST specifically alleges that the purported Amendment to the Conservation Easement is invalid as a matter of law.

9. In response to the allegations contained in Paragraph 69 of NALT's Answer and Counterclaim, MST admits only that the Conservation Easement encumbers MST's real property. MST denies that the Amendment to the Conservation Easement removed certain real

property from the scope of the easement.  MST further alleges that the purported Amendment is invalid as a matter of law.

10. MST denies, as written, the allegations contained in Paragraph 70 of NALT's Answer and Counterclaim.

11. MST admits the allegations contained in Paragraph 71 of NALT's Answer and Counterclaim.

12. The allegations contained in Paragraphs 72 and 73 of NALT's Answer and Counterclaim state conclusions of law to which no response is required.  To the extent a response is deemed necessary, MST denies as written the allegations contained in Paragraphs 72 and 73.

13. MST denies the allegations contained in Paragraph 74 of NALT's Answer and Counterclaim.

14. MST denies any and all allegations contained in the WHEREFORE Paragraph, including subparts (A) through (D), such being the remaining allegations contained in NALT's Answer and Counterclaim.

**FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE,
MST ALLEGES:
(No Damages)**

15. That NALT has not suffered any cognizable damages recoverable from MST.

**FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE,
MST ALLEGES:
(Reasonableness and Good Faith)**

16. That MST and its agents and employees acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted.  Accordingly, Plaintiff is not entitled to recover any damages whatsoever.

**FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE,
MST ALLEGES:
(Unclean Hands)**

17.    That NALT's claims are barred by the doctrine of unclean hands.

**FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE,
MST ALLEGES:
(Waiver and Estoppel)**

18.    That NALT's claims are barred by the doctrines of waiver and estoppel.

**FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE,
MST ALLEGES:
(First Amendment)**

19.    To the extent NALT's claims relate to MST's public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States and by applicable state Constitutions, such claims are barred.

**FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE,
MST ALLEGES:
(Laches)**

20.    NALT's claims are barred, in whole or in part, by the doctrine of laches.

**FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE,
MST ALLEGES:
(Election of Remedies)**

21.    NALT's causes of action seek relief based on the same alleged underlying injury and, although MST denies that NALT is entitled to any relief, should NALT succeed on more than one ground for relief, it must elect its remedy so as to prevent a double recovery for a single wrong.

4

### FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE, MST ALLEGES:
### (Wrongful actions)

22.     MST alleges that NALT's claim for indemnity is barred because of NALT's wrongful actions giving rise to the lawsuit.

### FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE, MST ALLEGES:
### (Failure to name indispensable parties)

23.     MST alleges that NALT's claim for indemnity is barred because NALT failed to join necessary parties.

### FURTHER REPLYING AND AS AN AFFIRMATIVE DEFENSE, MST ALLEGES:
### (Reservation and Non-Waiver)

24.     MST reserves any additional and further defenses as may be revealed by additional information during the course of discovery and investigation and as is consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully replied to NALT's Answer and Counterclaim, and having asserted these affirmative defenses, the Plaintiff, MST LLC, prays that NALT's counterclaim be dismissed with prejudice and that it be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

Respectfully Submitted,

s/ G. Trenholm Walker
**G. Trenholm Walker (Fed ID# 4487)**
Direct:  (843) 727-2208
Email:  Walker@WGLFIRM.com
**John P. Linton, Jr. (Fed ID# 11089)**
Direct:  (843) 727-2252
Email:  Linton@WGLFIRM.com
**James W. Clement (Fed ID# 12720)**
Direct: (843) 727-2224
Email:  Clement@WGLFIRM.com
**WALKER GRESSETTE & LINTON, LLC**

        Mail:   P.O. Drawer 22167, Charleston, SC 29413
        Office:  66 Hasell Street, Charleston, SC 29401
        Phone:  (843) 727-2200

***ATTORNEYS FOR PLAINTIFF MST, LLC***

February 3, 2023
Charleston, South Carolina