**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| MST, LLC, | ) | No. 2:22-cv-00874-DCN |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT GEORGETOWN MEMORIAL HOSPITAL'S MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT OF PLAINTIFF MST, LLC** |
| North American Land Trust and Georgetown Memorial Hospital, | ) | |
| Defendants. | ) | |

Defendant Georgetown Memorial Hospital ("**GMH**") respectfully moves this Court for summary judgment under Rule 56 of the Federal Rules of Civil Procedure in its favor on the sole claim (seeking a declaratory judgment) brought against it in the Complaint (ECF No. 1) of Plaintiff MST, LLC ("**MST**"). In support of this motion, and as fully detailed in the memorandum in support of summary judgment filed herewith, GMH hereby states the following:

1.  This case is about MST's attempt to assert dominion and control over GMH's property by seeking to invalidate a 2008 amendment to a conservation easement that formerly encumbered GMH's property. In its efforts to invalidate the amendment, MST ultimately seeks to enforce the restrictions of the original conservation easement on GMH's property to ensure that the property cannot be developed. In other words, through this lawsuit MST seeks to control what can and cannot be done on GMH's property, despite the undisputed fact that MST does not own, and has never owned, the property. Moreover, through this lawsuit, MST impermissibly seeks to invalidate the actions of its own predecessors-in-interest, who, along with the North American Land Trust, executed the 2008 amendment thereby releasing GMH's property from the restrictions imposed by the original conservation easement.

2. GMH is entitled to summary judgment on MST's claim.

3. As a threshold issue, MST has never had any interest in GMH's property, and thus MST lacks standing to bring this action over a conservation easement formerly existing on GMH's property. *See* S.C. Code Ann. § 27-8-40; *Floyd v. Dross*, 442 S.C. 79, 897 S.E.2d 191 (Ct. App. 2024), *reh'g denied* (Feb. 15, 2024), *cert. denied* (Oct. 30, 2024).

4. Yet, even if MST *were* to have standing, GMH still would be entitled to summary judgment for multiple separate reasons:

   a. First, MST must be estopped from challenging the validity of the 2008 amendment removing the conservation easement on GMH's property because the former owners who sold GMH its property and executed that amendment also sold MST its own separate property in 2010; MST thus stands in the shoes of its predecessors-in-interest to MST's property—*i.e.*, the very couple who sold the property at issue to GMH and executed the very easement amendment in order to secure GMH's purchase of that property. *See O'Cain v. O'Cain*, 322 S.C. 551, 473 S.E.2d 460 (Ct. App. 1996); *Watson v. Watson*, 172 S.C. 362, 174 S.E. 33 (1934); *Thompson v. Hudgens*, 161 S.C. 450, 159 S.E. 807 (1931); *Kerr v. City of Columbia*, 232 S.C. 405, 102 S.E.2d 364 (1958).

   b. MST further must be estopped from denying the validity of the 2008 amendment removing the conservation easement's restrictions because MST purchased its own property expressly "subject to" and with full knowledge of the 2008 amendment's effects. *See* 28 AM. JUR. 2D *Estoppel and Waiver* § 5 (Jan. 2025 update); 7 S.C. JUR. *Estoppel and Waiver* § 7 (Feb. 2025 update); *see also Gibson v. Lyon*, 115 U.S. 439, 447–48 (1885); *Peoples Fed. Sav. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club*, 310 S.C. 132, 151, 425 S.E.2d 764, 776 (Ct. App. 1992); *Long Grove at Seaside Farms, LLC v. Long Grove Property Owners' Ass'n, Inc.*, No. 2009-CP-10-06746, 2012 WL 10890587, at *15 (S.C. Ct. Com. Pls. July 23, 2012); *Keller v. Parish*, 196 N.C. 733, 147 S.E. 9 (1929); *J.H. Williams Oil Co. v. Harvey*, 872 So. 2d 287, 289 (Fla. Dist. Ct. App. 2004).

   c. What's more, MST's failure to raise any objections to the validity of that 2008 amendment until 2022 after purchasing its own property in 2010 renders its claim barred by the doctrine of laches. *See Richey v. Dickinson*, 359 S.C. 609, 598 S.E.2d 307 (Ct. App. 2004).

   d. Additionally, because GMH is a bona fide purchaser for value with respect to the property it purchased, GMH took title thereto without any

      encumbrance from the prior conservation easement—*even if* the 2008 amendment was deficient. *See Spence v. Spence*, 368 S.C. 106, 628 S.E.2d 869 (2006); S.C. Code Ann. § 30-7-1; *Goodwin v. Harrison*, 231 S.C. 243, 98 S.E.2d 255 (1957); 77 AM. JUR. 2D *Vendor and Purchaser* § 379 (May 2023 update).

   e.  Finally, GMH is entitled to summary judgment because the 2008 amendment is valid and fully effected the removal of the prior conservation easement's restrictions on GMH's property. *See Pine Mountain Pres., LLLP v. Comm'r of Internal Revenue*, 978 F.3d 1200 (11th Cir. 2020); S.C. Code Ann. § 27-8-10 *et seq.*; *Belk v. C.I.R.*, 774 F.3d 221 (2014).

5.   True and correct copies of the following are attached hereto as exhibits in support of this Motion:

   a.  the document prepared by the North American Land Trust in 2003 entitled *Weehaw Plantation: Baseline Documentation*, previously filed as ECF No. 1-2, attached hereto as **Exhibit A**;

   b.  the General Warranty Deed of April 29, 1988 conveying title to Weehaw Plantation to Larry D. Young, attached hereto as **Exhibit B**;

   c.  the Title to Real Estate of May 3, 1988 conveying a one-half undivided interest in Weehaw Plantation to Judy S. Young, attached hereto as **Exhibit C**;

   d.  the Complaint of MST, previously filed as ECF No. 1, attached hereto as **Exhibit D**;

   e.  excerpts of the transcript of the deposition of Daniel Wayne Stacy, Jr., Esq. held on February 13, 2025, attached hereto as **Exhibit E**;

   f.  Ordinance No. 2008-65, adopted by Georgetown County on November 10, 2008, attached hereto as **Exhibit F**;

   g.  the Amendment to Conservation Easement and Declaration of Restrictive Covenants dated December 19, 2008, previously filed as ECF No. 31-3, attached hereto as **Exhibit G**;

   h.  the Title to Real Estate of December 30, 2008 conveying title in the Hospital Property, previously filed as ECF No. 77-1, attached hereto as **Exhibit H**;

   i.  the Title to Real Estate of June 16, 2010 conveying title to the Weehaw Balance to MST, previously filed as ECF No. 30-1, attached hereto as **Exhibit I**;

j. excerpts of the transcript of the deposition of James Joseph Murren, held on August 12, 2024, attached hereto as **Exhibit J**;

k. GMH Application to Amend Planned Development submitted to Georgetown County, previously filed as a portion of ECF No. 1-5, attached hereto as **Exhibit K**;

l. letter of May 7, 2021 from MST's counsel to Georgetown County Council, previously filed as ECF No. 1-4, attached hereto as **Exhibit L**;

m. excerpts of the transcript of the deposition of Bruce Bailey, as representative of GMH under Rule 30(b)(6) of the Federal Rules of Civil Procedure, attached hereto as **Exhibit M**;

n. excerpts of the transcript of deposition of Steven W. Carter (North American Land Trust's 30(b)(6) witness) held on January 14, 2025, attached hereto as **Exhibit N**;

o. GMH's Answers to NALT's First Set of Interrogatories dated October 11, 2023, attached hereto as **Exhibit O**; and

p. the Title to Real Estate (Corrective) of August 10, 2009 clarifying that the conveyance set forth in Exhibit N should have been to GMH rather than Georgetown Hospital System, attached hereto as **Exhibit P**.

6. Based on the foregoing reasons, the attachments to this motion, and the full argument detailed in the memorandum in support of summary judgment filed herewith, GMH respectfully requests that this Court grant summary judgment in its favor on the sole claim brought against it by MST and that this Court dismiss MST's action.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Wesley T. Moran*
Wesley T. Moran
Federal Bar No. 12797
E-Mail: wes.moran@nelsonmullins.com
Susan P. MacDonald
Federal Bar No. 0984
E-Mail: susan.macdonald@nelsonmullins.com
3751 Robert M. Grissom Parkway / Suite 300
Post Office Box 3939 (29578-3939)

4

                                        Myrtle Beach, SC 29577-6412
                                        (843) 448-3500

                                        ***Attorneys for Defendant Georgetown Memorial Hospital***

Myrtle Beach, South Carolina
April 1st, 2025