# Exhibit G

RETURN TO: LUMPKIN, OXNER & STACY, P.A. (rtm)
06-1098      Daniel W. Stacy, Jr.

Instrument
200800021820

Book Page
1122  80

# EXHIBIT 3

After recording please return to:
North American Land Trust
P.O. Box 467
Chadds Ford, PA 19317

## AMENDMENT TO CONSERVATION EASEMENT
## AND
## DECLARATION OF RESTRICTIVE COVENANTS

THIS AMENDMENT TO CONSERVATION EASEMENT AND DECLARATION OF RESTRICTIVE COVENANTS ("Amendment") made  Dec. 19 , 2008 by and between **KYLE N. YOUNG** and **JACQUELINE M. YOUNG** (together, "Grantor"), having an address of 515 Prince Street, Georgetown, SC 29440, and **NORTH AMERICAN LAND TRUST** ("Grantee"), a Pennsylvania non-profit corporation having an address of Post Office Box 467, Chadds Ford, PA 19317,

### WITNESSETH THAT:

WHEREAS, Larry Young and Judy Young granted to Grantee a certain Conservation Easement and Declaration of Restrictive Covenants (the "Conservation Easement"), dated December 29, 1995 and recorded at Deed Book 0669, page 0300, with the Register of Deeds of Georgetown County, regarding certain real property described therein (the "Property") in Georgetown County, South Carolina; and

WHEREAS, Grantor is now the legal owner of a portion of the Property by deed dated June 28, 2004 and recorded in Deed Book 1529, page 0191 in the Register of Deeds of Georgetown County; and

WHEREAS, Prince George Premier Properties, LLC is owner of a portion of the Property by deed dated August 3, 2005 and recorded at Deed Book 1682, page 0181, with the Register of Deeds of Georgetown County; and

WHEREAS, Georgetown Hospital system, a South Carolina non-profit corporation (the "Hospital") is the equitable owner of a portion of the Property hereinafter called the Hospital Parcel; and

WHEREAS, the Hospital needs to relocate its Georgetown Memorial Hospital campus due to the inability to expand in its current location due to geographic restraints; and

WHEREAS, the Hospital is a non-profit entity providing medical care to Georgetown County and its residents, including, the indigent population thereof; and

WHEREAS, site selection criteria including wetland areas, elevation, numerous bridge and railroad tracks and limited availability of adequate water, sewer, and transportation infrastructure reflect that the subject parcel is by necessity the site available to the Hospital; and

WHEREAS, the Hospital's relocation and expansion provides an immeasurable enhancement to the community for treatment and preservation of, and education regarding, health and well-being to Georgetown County; and

WHEREAS, Grantor has proposed, therefore, that Grantee release from the Conservation Easement a parcel of land comprising 56.75 acres, more or less (the "Hospital Parcel"), that, together with approximately 8.25 acres of land owned by Grantor that was not, and has never been, a part of the Property or subject to the Conservation Easement, comprises 65 acres and is depicted as the "Hospital Parcel" on the Plat attached hereto as Exhibit "B-1" and also is described by metes and bounds on Exhibit "C" attached to this Amendment; and

WHEREAS, upon study and inspection the Grantee has concluded that the release of the Hospital Parcel shall have no material adverse effect upon the Conservation Purposes and Conservation Values of the Conservation Easement by virtue of its location and its present condition due to the expansion of the easement restrictions on the interior and marsh/riverfront components of the Property which enhance the biological and ecological value of the Property; and

WHEREAS, upon study and inspection, Grantee has determined that the extinguishment of the five Restricted Building Envelopes and the right to five Dwellings will have a greater ecological benefit and further advance and protect the Conservation Purposes of the Conservation Easement than any loss of such from the removal of the Hospital Parcel from the Conservation Easement, particularly due to the superior location of the five dwellings in terms of scenic view from the Pee Dee River, Black River and Intracoastal Waterway and proximity to significant environmental features of the Property including, without limitation, the critical marsh habitat, the archaeologically significant sites, and the wetlands area of the Property; and

WHEREAS, the loss of scenic view from Highways 701 and S-22-325 as a result of the development of the Hospital Parcel is insignificant in comparison to the substantial ecological and scenic benefits of the extinguishment of the five dwelling rights, in addition to the public and social benefits related to meeting the needs of the Hospital; and

WHEREAS, it has been determined to the greatest degree of certainty possible, that neither the Grantor nor the Hospital nor Grantee will obtain any economic benefit from the accomplishment of the foregoing; and

WHEREAS, upon careful balancing of the issues and conditions involved, the benefits to the Conservation Values and Conservation Purposes of the Conservation Easement as a result of this Amendment far outweigh any possible detriment.

NOW, THEREFORE, for and in consideration of the mutual covenants, terms, conditions, restrictions, and promises contained herein, and intending to be legally bound hereby, Grantor and Grantee hereby agree as follows:

1. Capitalized terms used in this Amendment shall have the meaning ascribed to such terms in the Conservation Easement, unless otherwise defined herein.

2. Exhibit "B-1" and Exhibit "C" attached to this Amendment are hereby incorporated in the Conservation Easement as amended by this Amendment.

3. Five Restricted Building Envelopes shown on Exhibit "B" to the Conservation Easement and the right to erect, maintain, repair, and replace a Dwelling thereon are hereby extinguished and Exhibit "B" from the Conservation Easement is hereby replaced in its entirety and for all purposes by Exhibit "B-1" attached to this Amendment. From and after the date of this Amendment there shall be permitted only two Dwellings, and accessory structures as permitted in Article C, Paragraph 1 of the Conservation Easement, within the Property, with one being located within each of the two areas designated as a "Building Area" on Exhibit "B-1". Further, from and after the date hereof, the five Restricted Building Envelopes extinguished in this Amendment shall be under and subject to each and every covenant, easement and restriction of the Conservation Easement, including but not limited to all remedies and rights of enforcement available to Grantee therein, shall apply to the five Restricted Building Areas as aforesaid as fully as if such land was described without the benefits of the Restricted Building Areas at the time of the grant and recording of the Conservation Easement.

4. The Lodge shall only be used as a single family dwelling and shall be contained within one of the two areas designated as a "Building Area" on Exhibit B-1."

5. The right to erect, maintain, repair and replace the Recreation Area as permitted in Article C, paragraph 2 of the Conservation Easement is extinguished.

6. That portion of the Hospital Parcel that is within the boundaries of the Property, being 56.75 acres, more or less, is hereby removed from the Conservation Area and released from the easements, covenants, prohibitions, and restrictions set forth in the Conservation Easement; it being agreed that a portion of the Hospital Parcel comprising 8.25 acres, more or less, was never within the boundaries of the Property (as defined in the Conservation Easement) nor subject to the covenants, easements and restrictions of the Conservation Easement and therefore need not be released from the Conservation Easement.

7. Grantee reaffirms its acceptance of the Conservation Easement, as amended herein, and agrees to hold such easements, restrictions, and covenants in the amended Property exclusively for the Conservation Purposes and to enforce the terms of the restrictive covenants set forth in the Conservation Easement.

8. Grantor reaffirms, without limitation, its warranty and representations set forth in Article F, Paragraph 15(f) of the Conservation Easement with respect to the Property of the Conservation Easement as amended herein.

9. Grantor agrees that the Conservation Easement remains in full force and effect as modified herein.

10. This Amendment shall be recorded in the same place of public record in which this Conservation Easement was recorded.

11. This Amendment shall not modify or amend any provision of the Conservation Easement except as herein expressly stated.

12. This Amendment shall be governed by and construed under the law of the state of South Carolina.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**TO HAVE AND TO HOLD** the easements and rights created in this Amendment unto Grantee, its successors and assigns, for its own use and benefit forever.

_Trefor Thomas_
Witness #1

_Rhonda D. McDaniel_
Witness #2

_D. PRSLF_
Witness #1

_Rhonda D. McDaniel_
Witness #2

Shown, sealed and delivered in the Presence of:

_Paul Halder_
Witness #1, PAUL HALDERA, VICE PRESIDENT

_D. PRSLF_
Witness #2

_Kyle N. Young_

_Jacqueline M. Young_

NORTH AMERICAN LAND TRUST

By: _Andrew L. Johnson_ [Seal]
Andrew L. Johnson, President

Hospital, in its capacity as an equitable owner, hereby consents and agrees to this Amendment.

GEORGETOWN HOSPITAL SYSTEM,
A South Carolina non-profit corporation

_D. PRSLF_
Witness #1

_Rhonda D. McDaniel_
Witness #2

By: _Bruce Bailey_
Bruce Baily Bailey
Chief Executive Officer

Prince George Premier Properties, LLC, a _South Carolina_ limited liability company, as an owner of a portion of the Property, hereby consents and agrees to this Amendment.

PRINCE GEORGE PREMIER PROPERTIES,
LLC, a _South Carolina_ limited liability company

_Rhonda D. McDaniel_
Witness #1

_D. PRSLF_
Witness #2

By: _Janel R. Jayne_
Name:
Title: _member_

-5-

STATE OF South Carolina   :
                          :
COUNTY OF Georgetown      :

On this, the 30th day of December, 20 08, before me, the undersigned officer, personally appeared Kyle N. Young, an adult individual, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he executed the same in the capacity therein stated and for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public
My commission expires: 2/7/2015


STATE OF South Carolina   :
                          :
COUNTY OF Georgetown      :

On this, the 30th day of December, 20 08, before me, the undersigned officer, personally appeared Jacqueline M. Young, an adult individual, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that she executed the same in the capacity therein stated and for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public
My commission expires: 2/7/2015

STATE OF South Carolina :

COUNTY OF Georgetown :

      On this, the 30th day of December, 20 08 , before me, a Notary Public in and for the State of South Carolina, the undersigned officer, personally appeared Bruce Baily, who acknowledged himself to be the Chief Executive Officer of Georgetown Hospital System, a South Carolina non-profit corporation, and that he as such Chief Executive Officer, being authorized to do so, executed the foregoing Conservation Easement for the purposes therein contained by signing the name of the corporation by himself as Chief Executive Officer.

      IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(Seal)

                                  Notary Public
                                  My commission expires: 2/7/2015


STATE OF South Carolina :

COUNTY OF Georgetown :

      On this, the 30th day of December, 2008 , before me, a Notary Public in and for the State of South Carolina, the undersigned officer, personally appeared  Carol R. Jayroe , who acknowledged herself to be a member of Prince George Premier Properties, LLC, a South Carolina limited liability company, and that she as such Member , being authorized to do so, executed the foregoing Conservation Easement for the purposes therein contained by signing the name of the corporation by herself as Member .

      IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(Seal)

                                  Notary Public
                                  My commission expires: 2/7/2015

STATE OF PENNSYLVANIA        :
                             :
COUNTY OF CHESTER            :

On this, the 19th day of December, 2008, before me, a Notary Public in and for the State of Pennsylvania, the undersigned officer, personally appeared Andrew L. Johnson, who acknowledged himself to be the President of North American Land Trust, a Pennsylvania Non-Profit Corporation, and that he as such officer, being authorized to do so, executed the foregoing conservation easement for the purposes therein contained by signing the name of the corporation by himself as President.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(Seal)

_____
Notary Public
My commission expires: AUG. 22, 2010

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Karen M. Mazza, Notary Public
Pennsbury Twp., Chester County
My Commission Expires Aug. 22, 2010

Member, Pennsylvania Association of Notaries

-8-

Exhibit A-1

## JOINDER AND CONSENT OF LIENHOLDER

CAROLINA FIRST BANK (collectively "Lienholder"), the holder of the Mortgage dated August 3, 2005 encumbering the Conservation Area in the amount of $243,000.00 recorded at Mortgage Book 2684, Page 146 in the records of Register of Deeds for Georgetown County, State of South Carolina (the "Lien") hereby consents to the terms of this Amendment and to the Conservation Easement and agrees that the Lien shall be fully subordinate to this Amendment and the Conservation Easement and the rights of the Holder to enforce this Amendment and the Conservation Easement. Without limitation of the foregoing, Lienholder agrees that, in the event of foreclosure of the Lien or a judgment obtained under the Lien or any promissory note secured thereby, the Conservation Area described in the Conservation Easement shall remain under and subject to the covenants and restrictions set forth in the Amendment and this Conservation Easement, as fully as if the Lien was executed, delivered and recorded after the dates of execution, delivery and recording of both this Amendment and the Conservation Easement. This Joinder and Consent of Lienholder shall be binding upon Lienholder's successors and assignees as holders of the Lien and any amendment thereof.

Signed, Sealed and Delivered
In the Presence of:

_Linda Coleman_
Witness #1
_Yvette J. Morgan_
Witness #2

CAROLINA FIRST BANK

By: _[signature]_
Name: Daniel F. Siau
Title: SVP

Attest: _Melissa Butler_
Name: Melissa Butler
Title: AVP

STATE OF SOUTH CAROLINA )
                        )
COUNTY OF GEORGETOWN    )

On this, the 24th day of December, 2008, before me, a Notary Public in and for the State of South Carolina, the undersigned officer, personally appeared Daniel F. Siau, who acknowledged himself to be the S.V.P. of CAROLINA FIRST BANK, a lending institution, and that he as such S.V.P., being authorized to do so, executed the foregoing Joinder and Consent of Mortgagee for the purposes therein contained by signing the name of the corporation by himself as Senior Vice President.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Yvette J. Morgan_
Notary Public for South Carolina
My commission expires: 10-10-2017

(Seal)

Exhibit A-2

## JOINDER AND CONSENT OF LIENHOLDER

PLANTATION FEDERAL BANK (collectively "Lienholder"), the holder of the Mortgage dated February 14, 2008 encumbering the Conservation Area in the amount of $2,000,000.00 recorded at Record Book 854, Page 123 in the records of Register of Deeds for Georgetown County, State of South Carolina (the "Lien") hereby consents to the terms of this Amendment and to the Conservation Easement and agrees that the Lien shall be fully subordinate to this Amendment and the Conservation Easement and the rights of the Holder to enforce this Amendment and the Conservation Easement. Without limitation of the foregoing, Lienholder agrees that, in the event of foreclosure of the Lien or a judgment obtained under the Lien or any promissory note secured thereby, the Conservation Area described in the Conservation Easement shall remain under and subject to the covenants and restrictions set forth in the Amendment and this Conservation Easement, as fully as if the Lien was executed, delivered and recorded after the dates of execution, delivery and recording of both this Amendment and the Conservation Easement. This Joinder and Consent of Lienholder shall be binding upon Lienholder's successors and assignees as holders of the Lien and any amendment thereof.

Signed, Sealed and Delivered
In the Presence of:

Witness #1

Witness #2

PLANTATION FEDERAL BANK

By: _____
Name: Mark Kiskunas
Title: Market President

Attest: _____
Name: Donna Murphy
Title: Vice President

STATE OF SOUTH CAROLINA )
                        )
COUNTY OF Georgetown    )

On this, the 22 day of December, 2008, before me, a Notary Public in and for the State of South Carolina, the undersigned officer, personally appeared Mark Kiskunas, who acknowledged himself to be the Market President of PLANTATION FEDERAL BANK, a lending institution, and that he as such officer, being authorized to do so, executed the foregoing Joinder and Consent of Mortgagee for the purposes therein contained by signing the name of the corporation by himself as Market President.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(Seal)

_____
Notary Public for South Carolina
My commission expires: 3-27-16

Exhibit A-3

## JOINDER AND CONSENT OF LIENHOLDER

PLANTATION FEDERAL BANK (collectively "Lienholder"), the holder of the Mortgage dated April 25, 2008 encumbering the Conservation Area in the amount of $1,368,000.00 recorded at Record Book 1006, Page 229 in the records of Register of Deeds for Georgetown County, State of South Carolina (the "Lien") hereby consents to the terms of this Amendment and to the Conservation Easement and agrees that the Lien shall be fully subordinate to this Amendment and the Conservation Easement and the rights of the Holder to enforce this Amendment and the Conservation Easement . Without limitation of the foregoing, Lienholder agrees that, in the event of foreclosure of the Lien or a judgment obtained under the Lien or any promissory note secured thereby, the Conservation Area described in the Conservation Easement shall remain under and subject to the covenants and restrictions set forth in the Amendment and this Conservation Easement, as fully as if the Lien was executed, delivered and recorded after the dates of execution, delivery and recording of both this Amendment and the Conservation Easement. This Joinder and Consent of Lienholder shall be binding upon Lienholder's successors and assignees as holders of the Lien and any amendment thereof.

Signed, Sealed and Delivered
In the Presence of:

Witness #1
Witness #2

PLANTATION FEDERAL BANK

By: _____
Name: Mark Kiskunas
Title: Market President

Attest: _____
Name: Vice President Donna Murphy
Title: Vice President

STATE OF SOUTH CAROLINA   )
                          )
COUNTY OF Georgetown      )

On this, the 22 day of December, 2008, before me, a Notary Public in and for the State of South Carolina, the undersigned officer, personally appeared Mark Kiskunas, who acknowledged himself to be the Market President of PLANTATION FEDERAL BANK, a lending institution, and that he as such Officer, being authorized to do so, executed the foregoing Joinder and Consent of Mortgagee for the purposes therein contained by signing the name of the corporation by himself as Market President.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(Seal)

Notary Public for South Carolina
My commission expires: 3-27-16



Exhibit "B-1"

Instrument     Book Page
200800021820   1122   92

EXHIBIT "C"

Beginning at a ½" rebar found at the Southwest most corner of TMS#02-1009-018-00 and the eastern right-of-way U.S. Highway 701 and noted as P.O.B. and running in a Northerly direction along the aforementioned right-of-way N14°08'59"E for a distance of 4.16 feet to a ½" rebar set, thence turning in a easterly direction S85°51'01"E for a distance of 32.50 feet to a ½" rebar set, thence turning in a northerly direction along the eastern right-of-way of U. S. Highway 701 N14°08'59"E for a distance of 853.21 feet to a ½" rebar set, thence turning in a Northeasterly direction along the right-of-way of SC 22-325 (Wedgefield Dr.), N39°06'36"E for a distance of 13.72 feet to an ½" rebar set, thence turning in an easterly direction continuing along the right-of-way of SC 22-325 N64°04'02"E for a distance of 2,402.30 feet to a ½" rebar set, thence turning in a Southerly direction S26°01'27"E for a distance of 513.24 feet to a ½" rebar set, thence turning in a Southwesterly direction S64°02'19"W for a distance of 717.63 feet to a ½"rebar set, thence turning in a Southerly direction S27°06'47"W for a distance of 2196.46 feet to a ½" rebar set, thence turning in a Northwesterly direction running along the lands of N/F Weehaw Associates N62°41'02"W for a distance of 451.80 feet to ½" rebar set, thence turning in a Northerly direction along the lands of Eastside Freewill Baptist Church N14°12'19"E for a distance of 300.00 feet to a ½" rebar found, thence turning in a Westerly direction continuing along the lands of Eastside Freewill Baptist Church N62°40'50"W for a distance of 745.34 feet to the point of beginning and containing 65.00 acres. All of which will more fully and in detail appear on that certain "ALTA/ACSM Land Title Survey of 65 Acres (Portion of Weehaw Plantation) for Georgetown Hospital System", dated December 1, 2008, prepared by ETS-Engineering and Technical Services, Inc. and recorded on December 22, 2008 in the Office of the Register of Deeds for Georgetown County in Plat Book 692 at pages 2 and 3 which by reference is incorporated herein and made a part and parcel hereof.

7984 645
200800021820
Filed for Record in
GEORGETOWN SC
WANDA PREVATTE
12-30-2008 At 02:49 pm.
AMENDMENT       19.00
STATE TAX         .00
COUNTY TAX        .00
Book 1122 Page  80 -  93

Wanda L. Prevatte

Instrument
200800021820

Book Page
1122   93