# Exhibit M

2:22-cv-00874-DCN  Date Filed 04/01/25  Entry Number 115-14  Page 2 of 10

30(b)(6) Bruce Bailey  January 28, 2025
MST, LLC v. North American Land Trust, et al.

Page 1

```
 1              UNITED STATES DISTRICT COURT
                DISTRICT OF SOUTH CAROLINA
 2                  CHARLESTON DIVISION
 3    MST, LLC,
 4             Plaintiff,
 5         vs.    C/A NO. 2:22-cv-00874-DCN
 6    NORTH AMERICAN LAND TRUST AND GEORGETOWN
      MEMORIAL HOSPITAL,
 7
               Defendants.
 8    _____
 9    GEORGETOWN MEMORIAL HOSPITAL,
10             Third-Party Plaintiff,
11         vs.
12    KYLE YOUNG AND JACQUELINE YOUNG,
13             Third-Party Defendants.
14
      30(b)(6)
15    DEPOSITION OF:  BRUCE BAILEY
16    DATE:           January 28, 2025
17    TIME:           9:10 a.m.
18    LOCATION:       NELSON, MULLINS, RILEY &
                      SCARBOROUGH
19                    3751 Grissom Parkway
                      Suite 300
20                    Myrtle Beach, SC
21    TAKEN BY:       Counsel for the Plaintiff
22    REPORTED BY:    Lauren A. Balogh, RPR
      _____
23
24
25
```

2:22-cv-00874-DCN   Date Filed 04/01/25   Entry Number 115-14   Page 3 of 10

30(b)(6) Bruce Bailey                                    January 28, 2025
MST, LLC v. North American Land Trust, et al.

Page 34

1     Q.   How would you describe it?  I'm just
2  trying to find a word.  Everybody is objecting.
3     A.   The way we always talked about was it
4  was transferred to the other property as described
5  by the five-acre home site over by the river.  We
6  -- we always described that it was a transfer of
7  the easement from the 56 we wanted to this other
8  acreage elsewhere on the plantation.
9     Q.   In a nutshell, the permanent
10 conservation easement that was on the 56.75 acres
11 that was purchased was no longer on it, correct?
12          MR. MORAN:  Object to the form.
13          MS. TILLMAN:  Object to the form.
14 BY MR. WALKER:
15     Q.   According to your understanding?
16     A.   I guess that's perfectly true, yes.
17     Q.   This synopsis says the next step in the
18 process will be to have the site appraised to
19 ensure there was no issues with inurement which
20 could have negative ramifications for NALT as well
21 as the owners of the site.  What is -- what does
22 this mean?  What is the concern with inurement?
23 What did you understand that to be?
24          MR. MORAN:  Object to the form.
25          THE WITNESS:  Before this I wouldn't

2:22-cv-00874-DCN   Date Filed 04/01/25   Entry Number 115-14   Page 4 of 10

30(b)(6) Bruce Bailey                                January 28, 2025
MST, LLC v. North American Land Trust, et al.

Page 45

1   upon?
2        A.   Yeah, sure.
3        Q.   What do you recall about whether or not
4   the hospital received assurance from NALT that it
5   would amend the easement?
6             MS. TILLMAN:  Object to the form.
7             THE WITNESS:  I don't recall any
8   assurance.  I mean, our position was, you know,
9   this was a more or less contingency on -- in our
10  minds on the purchase of the property.  If the
11  easement wasn't transferred, relocated, pick your
12  -- pick your word, then we wouldn't buy it.  And so
13  when we got, you know, a response from NALT, an
14  opinion from our legal counsel that the easement
15  has been taken care of and the property you want to
16  buy is unencumbered and can be developed, then,
17  okay, we cleared that hurdle and we're ready to
18  purchase.
19            Now, there are probably other
20  contingencies, civil and, you know, the standard
21  land contingencies you always have, but that was --
22  obviously the first hurdle was that conservation
23  easement.  Once we were told that was dealt with,
24  then we were kind of satisfied that it was dealt
25  with.

2:22-cv-00874-DCN    Date Filed 04/01/25    Entry Number 115-14    Page 5 of 10

30(b)(6) Bruce Bailey                              January 28, 2025
MST, LLC v. North American Land Trust, et al.

Page 91

1     Q.   Okay.  And if you look at GMH page
2  000147, do you see that there is a signature block
3  there?
4     A.   I do.
5     Q.   And is it your understanding that this
6  document is signed by both Kyle Young and
7  Jacqueline Young?
8     A.   It is.
9          MS. BAUM:  Objection.
10 BY MR. MORAN:
11    Q.   And Georgetown Memorial Hospital's
12 claims against Jacqueline Young are based on the
13 warranties contained in this title of real estate
14 conveying the hospital parcel to Georgetown
15 Memorial Hospital; is that your understanding?
16    A.   That is.
17    Q.   Okay.  All right.  Going back to when
18 Mr. Walker was questioning you, we talked about the
19 process of amending the conservation easement.  Do
20 you remember that?
21    A.   I do.
22    Q.   Okay.  Who did Georgetown Memorial
23 Hospital rely on to handle the amendment process of
24 the conservation easement?
25    A.   Mr. Stacy.

2:22-cv-00874-DCN    Date Filed 04/01/25    Entry Number 115-14    Page 6 of 10

30(b)(6) Bruce Bailey                         January 28, 2025
MST, LLC v. North American Land Trust, et al.

Page 92

1  Q. Okay. And was it your understanding
2  that Mr. Stacy would work with North American Land
3  Trust to make sure that the conservation easement
4  was validly amended before the hospital purchased
5  the 65-acre hospital parcel?
6           MR. WALKER: Object to the form.
7           THE WITNESS: That's correct.
8  BY MR. MORAN:
9  Q. Prior to the Georgetown Memorial
10 Hospital purchasing the 65-acre hospital parcel,
11 immediately prior, did it have any reservations or
12 concerns that the amendment to the conservation
13 easement was invalid or otherwise not legally
14 enforceable?
15 A. No, we -- again, we assumed once our
16 attorney signed off on it, NALT signed off on it,
17 it was rock solid.
18 Q. Okay. And if the hospital had any
19 concerns about the validity or legal enforceability
20 of the amendment to the conservation easement, what
21 would it have done in relation to the transaction?
22 A. We would have asked a lot of questions
23 and if we weren't satisfied with the answers, we
24 wouldn't have bought it.
25 Q. Mr. Bailey, is it your understanding

2:22-cv-00874-DCN   Date Filed 04/01/25   Entry Number 115-14   Page 7 of 10

30(b)(6) Bruce Bailey                                      January 28, 2025
MST, LLC v. North American Land Trust, et al.

Page 94

1    Q.   Okay.  And that would be approximately
2    11 years after MST, LLC first purchased Weehaw
3    Plantation from Kyle and Jacqueline Young; is that
4    your understanding?
5    A.   Yes.
6    Q.   How, if at all, has the 11-year time
7    difference from when MST purchased Weehaw
8    Plantation to challenging the amendment in 2021
9    impacted GMH in terms of its ability to sell the
10   property or ability to adequately defend this
11   lawsuit?
12           MR. WALKER:  Object to the form of the
13   question.
14           THE WITNESS:  Well, it's -- it's very
15   problematic, right?  I mean, you've heard my
16   answers today.  It's 11 years since that
17   transaction -- longer than that now that we're here
18   today in 2024, right?  I mean, you can't recall
19   everything.  You can't remember everything.
20   Document production.  You know, we -- we have our
21   own retention policies and when we hit those marks,
22   sometimes things go away, right?  So it's tough to
23   defend ourselves from 2008 to 2015.
24           And, you know, and now, not to be too
25   snarky about it, but Georgetown County has finally

2:22-cv-00874-DCN   Date Filed 04/01/25   Entry Number 115-14   Page 8 of 10

30(b)(6) Bruce Bailey                                January 28, 2025
MST, LLC v. North American Land Trust, et al.

Page 95

1    decided they want to approve some housing projects
2    and create some housing inventory for the
3    community.  We've got interest in our property
4    after 10, 15 years, but we can't sell it because of
5    this.  So yeah, it's very problematic.  I've got a
6    $3.3 million rock around my neck while I'm trying
7    to tread water.
8    BY MR. MORAN:
9            Q.   And you mentioned some -- some
10   interest, that certain developers have approached
11   Georgetown Memorial Hospital about purchasing the
12   hospital parcel; is that right?
13           A.   Yes.
14           Q.   And Georgetown Memorial Hospital
15   actually received and executed a letter of intent
16   from Meritage Homes to purchase the hospital parcel
17   for the purchase price of $3.5 million; is that
18   right?
19           A.   Yes.
20           Q.   Has Georgetown Memorial Hospital been
21   able to proceed forward with that transaction?
22           A.   No.
23           Q.   Why not?
24           A.   Because we can't clear the property of
25   this issue.

2:22-cv-00874-DCN    Date Filed 04/01/25    Entry Number 115-14    Page 9 of 10

30(b)(6) Bruce Bailey                                January 28, 2025
MST, LLC v. North American Land Trust, et al.

Page 96

1    Q.   And has Georgetown Memorial Hospital
2  been able to recoup any of the money that it has
3  put into the 65-acre hospital parcel when it
4  purchased it?
5    A.   No.
6    Q.   From a practical standpoint, how does
7  the inability to recoup 3.3 to $3.5 million impact
8  Georgetown Memorial Hospital and Georgetown
9  Hospital System?
10    A.   Well, it's 3.3 million I don't have to
11  buy equipment, supplies, hire a nurse.  I mean, as
12  I said earlier, our only reason for being as a
13  nonprofit hospital system is to take care of our
14  community and so it would be nice to be able to
15  monetize and cash out on that property so we can do
16  other things with it that benefit the community.
17    Q.   And as of now, without the ability to
18  sell it, is it fair to say that that parcel is a
19  $3.3 million loss to Georgetown Memorial Hospital?
20         MR. WALKER:  Object to the form of the
21  question.
22         THE WITNESS:  As it stands today it is,
23  yes.
24  BY MR. MORAN:
25    Q.   How has the inability to sell the

2:22-cv-00874-DCN    Date Filed 04/01/25    Entry Number 115-14    Page 10 of 10

30(b)(6) Bruce Bailey                                January 28, 2025
MST, LLC v. North American Land Trust, et al.

Page 97

1    hospital parcel impacted Georgetown Memorial
2    Hospital from a bottom line standpoint?
3              MR. WALKER:  Object to the form of the
4    question.
5              THE WITNESS:  Yeah, I mean, it's --
6    it's just $3.3 million that's just locked in a
7    vault that we can't get access to it, right?  So
8    when we have to buy equipment, spend capital, you
9    can't count on that asset to help you do that,
10   which is very problematic.
11   BY MR. MORAN:
12        Q.   We've looked at some site plans,
13   project narratives for the planned hospital that
14   was going to be developed on the -- the Weehaw
15   hospital tract; is that right?
16        A.   Yes, we have.
17        Q.   Now, prior to North American Land Trust
18   agreeing to amend the conservation easement and
19   ultimately executing the amendment to the
20   conservation easement, is it your understanding
21   that North American Land Trust was provided with
22   conceptual site plans for that property?
23        A.   I would assume they had some idea what
24   we were planning, yes.
25        Q.   And is it your understanding that North