# Exhibit O

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MST, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> North American Land Trust and Georgetown Memorial Hospital, <br><br> Defendants. | Civil Action No. 2:22-cv-874-DCN <br><br> **DEFENDANT GEORGETOWN MEMORIAL HOSPITAL'S ANSWERS TO NORTH AMERICAN LAND TRUST'S FIRST SET OF INTERROGATORIES** |

**TO:  AINSLEY F. TILLMAN, ESQ. AND IAN S. FORD, ESQ, ATTORNEYS FOR DEFENDANT NORTH AMERICAN LAND TRUST**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Georgetown Memorial Hospital ("GMH"), by and through its attorneys, responds and objects as follows to North American Land Trust's First Set of Interrogatories to GMH.

**GENERAL OBJECTIONS**

1. GMH objects to these interrogatories to the extent they seek to impose any requirement or discovery obligation upon GMH other than those set forth in the Federal Rules of Civil Procedure.

2. GMH's objections are made without waiving or intending to waive but, on the contrary, intending to preserve and preserving:

    (a)  All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the answers or

1

ANSWER: GMH responds that it has not yet identified which documents and/or exhibits that it intends to use in the trial of this case, but that it will do so and disclose all such documents and exhibits to the parties in this case in accordance with the Federal Rules of Civil Procedure and the applicable scheduling order entered by the Court in this case. GMH further responds that it will produce all such documents other than those that will be used solely for impeachment purposes, which GMH objects to providing.

8. Please set forth what factors GMH considered in selecting the Hospital Tract as a desirable site to plan to construct a new hospital campus.

ANSWER: Subject to and without waiving its objections, GMH responds that it in order to build a new hospital campus it required property that was comprised of at least 45 contiguous upland acres with access to utilities and in close proximity to physicians' practices and Georgetown's population base. The property also had to be located in an area of Georgetown that would not be cut off from critical points of access during a weather event or natural disaster. The Hospital Tract met each of these criteria.

GMH objects to this request on grounds that it seeks information that is not relevant and unrelated to claims or defenses in this case as it does not request information related to the Conservation Easement of the Amendment.

9. Why has GMH not moved forward with the construction of a new hospital campus on the Hospital Tract?

ANSWER: During the mid-2000's GMH expected significant future growth in Georgetown, and specifically in the vicinity of the Hospital Tract. However, due to lingering economic impacts from the 2008 financial crisis, development in Georgetown County was delayed and the expected growth did not materialize. GMH then made the long-term

9

strategic decision to allocate its resources to expand its operations in higher growth areas in northern Georgetown County and Horry County and renovate its existing hospital campus in Georgetown. GMH's decision not to construct a new hospital campus on the Hospital Tract had nothing to do with the Conservation Easement or Amendment.

10. Set forth any actions GMH took in support of Georgetown County's proposed amendment to the Hospital Weehaw PD.

**ANSWER: GMH objects to this interrogatory on grounds that it is unclear what information it seeks. Subject to and without waiving its objections GMH responds that it submitted the proposal and related documents to Georgetown County Planning Commission to amend the Hospital Weehaw PD to allow for multifamily housing. GMH also introduced the proposal at Georgetown County Planning Commission and Georgetown County Council meetings.**

**To the extent this interrogatory seeks information beyond the scope of what GMH has provided, GMH objects to the interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, and invites NALT to meet and confer regarding the scope of the request.**

11. Set forth the names of any individuals or entities who took action on behalf of GMH in support of Georgetown County's proposed amendment to the Hospital Weehaw PD.

**ANSWER: GMH incorporates its same objections that are set forth in response to Interrogatory No. 10. Subject to and without waiving its objections, GMH will produce documents identifying individuals and/or entities that made submissions and/or spoke to the Georgetown County Planning Commission and/or Georgetown County Council regarding the amendment to the Hospital Weehaw PD.**

the lawsuit. GMH also objects to this interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, or other protections afforded to consulting and testifying experts under Fed. R. Civ. P. 26.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: _____
Wesley T. Moran
Federal Bar No. 12797
E-Mail: wes.moran@nelsonmullins.com
Susan P. MacDonald
Federal Bar. No. 00984
E-Mail: susan.macdonald@nelsonmullins.com
3751 Robert M. Grissom Parkway / Suite 300
Post Office Box 3939 (29578-3939)
Myrtle Beach, SC 29577-6412
(843) 448-3500

*Attorneys for Defendant, Georgetown Memorial Hospital*

Myrtle Beach, South Carolina

October 11, 2023