# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| MST, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>North American Land Trust and<br>Georgetown Memorial Hospital,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00874-DCN<br><br>**DEFENDANT NORTH AMERICAN LAND TRUST'S MOTION FOR SUMMARY JUDGMENT** |

Defendant North American Land Trust ("NALT") hereby moves for an order granting partial summary judgment to NALT as to MST's liability on NALT's counterclaim for contractual indemnification (ECF No. 31). This Motion is supported by the arguments and authorities set forth in the accompanying Memorandum of Law filed contemporaneously herewith, and the records and materials referred to therein.

Additionally, NALT hereby joins in Defendant Georgetown Memorial Hospital ("GMH")'s Motion for Summary Judgment on the Complaint of Plaintiff MST, LLC (ECF No. 115) and its Memorandum in Support of its Motion for Summary Judgment (ECF No. 115-1), on the grounds that (A)[1] Plaintiff MST, LLC ("MST") lacks standing to pursue the relief it seeks on GMH's property;[2] (B) MST is estopped from challenging the validity of the 2008 Amendment to the 1995 Conservation Easement because MST stands in the

---

[1]　These letters are meant to mirror those used by GMH within Section V of its Memorandum in Support of Motion for Summary Judgment (ECF No. 115-1).

[2]　NALT raises again its arguments on MST's lack of standing, and those of GMH, as set forth in their Motions to Dismiss and subsequent Motions for Reconsideration (ECF Nos. 14, 15, 23, 24, 63, 66, 78. 79, 80, 111, 112) and incorporates those arguments as if set forth herein.

1

shoes of its predecessors who expressly agreed to and executed the 2008 Amendment; (C) MST is further estopped from denying the validity of the 2008 Amendment because MST purchased its own property expressly "*subject to*" the 2008 Amendment and with full knowledge of its effects; (D) MST's claims are barred by the doctrine of laches because MST unreasonably delayed asserting its claims for more than a decade, to the detriment and prejudice of NALT and GMH; and (F) the 2008 Amendment is valid and was effective to release GMH's property from the restrictions of the 1995 Conservation Easement.

For the reasons set forth in these motions and their supporting memoranda and exhibits, this Court should dismiss MST's claims, grant judgment to NALT on its counterclaim for contractual indemnification, and grant such other relief as it deems just and proper.

Respectfully submitted,

FORD WALLACE THOMSON LLC

s/ Ainsley F. Tillman
Ainsley F. Tillman (Fed. Bar No. 12847)
　Ainsley.Tillman@FordWallace.com
Ian S. Ford (Fed. Bar No. 9057)
　Ian.Ford@FordWallace.com
Robert E. Byrd (Fed. Bar No. 14367)
　Robert.Byrd@FordWallace.com
715 King Street, Charleston, SC  29403
(843) 277-2011
www.FordWallace.com

*Attorneys for Defendant North American Land Trust*

Charleston, South Carolina
April 1, 2025

2