IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MST, LLC,<br>    Plaintiff,<br> v.<br>North American Land Trust and<br>Georgetown Memorial Hospital,<br>    Defendants. | Case No. 2:22-cv-00874-DCN<br><br>**DEFENDANT NORTH AMERICAN LAND TRUST'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Defendant North American Land Trust ("NALT") respectfully submits this memorandum in support of its Motion for Summary Judgment, filed contemporaneously herewith. Additionally, NALT hereby joins in Defendant Georgetown Memorial Hospital ("GMH")'s Memorandum in Support of its Motion for Summary Judgment (ECF No. 115-1) as set forth herein.

## SHORT BACKGROUND

Both Plaintiff MST, LLC ("MST")'s and GMH's parcels were once part of a single 800+ acre tract owned by Larry and Judy Young. In 1995, Larry and Judy Young granted to NALT a Conservation Easement, which imposed covenants and restrictions on Larry and Judy Youngs' property and gave to NALT the right to enforce the provisions that the easement imposed. Larry and Judy Young subsequently subdivided the large tract, severing it into several, separate parcels. In 2008, the Conservation Easement was amended. In 2009, the Hospital bought its property that is the subject of this action, which was once part of Larry and Judy Young's large tract. In 2010, MST bought its own property, which was also once part of Larry and Judy Young's large tract. **MST took title**

1

**to its property expressly <u>subject to</u> the covenants and obligations of the Conservation Easement, as amended.**

MST serenely abided on its own property for 12 years, passing regularly through the Hospital's property on its way to the highway. And then—after waiting more than a decade—MST decided that it would file this lawsuit to try to enforce the Conservation Easement *against the Hospital's property*. Both GMH and NALT moved to dismiss MST's Complaint for lack of standing, which motions were denied by this Court. (ECF Nos. 14, 15, *denied by* ECF No. 29).

Within its Answer to MST's Complaint, NALT asserted affirmative defenses, including estoppel and laches. (ECF No. 31). NALT also filed a Counterclaim against MST for contractual indemnification, because the Conservation Easement contains clear provisions obligating MST to defend, indemnify, and hold NALT harmless from and against all claims related to the Conservation Easement. (*Id.*).

The parties proceeded to conduct extensive discovery. On March 28, 2024, both GMH and NALT moved this Court for reconsideration of its prior Order denying their motions to dismiss. (ECF Nos. 63, 66). The Court is currently taking those Motions for Reconsideration under advisement (ECF No. 112).

Discovery is now complete, and NALT—along with other Defendants in this action—seeks certain summary judgments from this Court, as set forth herein.

## LEGAL STANDARD

An entry of summary judgment is required where there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56. A party opposing a summary judgment bears the burden of demonstrating that there are material facts as to which there is a genuine issue. *White v. Rockingham Radiologist, Ltd.*, 820 F.2d 98, 101 (4th Cir. 1987). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Id.* at 327.

## ARGUMENT

I. **NALT is entitled to summary judgment in its favor on the issue of MST's lack of standing, as well as on NALT's affirmative defenses of estoppel and laches, as well as to judgment in its favor on the merits of Plaintiff's claims**.

Pursuant to Federal Rule of Civil Procedure 10(c), NALT incorporates by reference the arguments within GMH's Motion for Summary Judgment and Memorandum in Support, to the extent such arguments apply to and are favorable to NALT, on the grounds that (A)[1] MST lacks standing to pursue the relief it seeks on GMH's property;[2] (B) MST is estopped from challenging the validity of the 2008 Amendment to the 1995 Conservation Easement because MST stands in the shoes of its predecessors who expressly agreed to and executed the 2008 Amendment; (C) MST is further estopped from

---

[1] These letters are meant to mirror those used by GMH within Section V of its Memorandum in Support of Motion for Summary Judgment (ECF No. 115-1).

[2] NALT raises again its arguments on MST's lack of standing, and those of GMH, as set forth in their Motions to Dismiss and subsequent Motions for Reconsideration (ECF Nos. 14, 15, 23, 24, 63, 66, 79, 80, 111, 112) and incorporates those arguments as if set forth herein.

denying the validity of the 2008 Amendment because MST purchased its own property expressly "*subject to*" the 2008 Amendment and with full knowledge of its effects; (D) MST's claims are barred by the doctrine of laches because MST unreasonably delayed asserting its claims for more than a decade, to the detriment and prejudice of NALT and GMH; and (F) the 2008 Amendment is valid and was effective to release GMH's property from the restrictions of the 1995 Conservation Easement.  (ECF No. 115-1).

**II. NALT is entitled to summary judgment in its favor as to MST's contractual obligation to indemnify, defend, and hold harmless NALT, including for NALT's attorney's fees and costs of defending this action.**

NALT respectfully requests that this Court would grant a summary judgment to NALT as to its counterclaim for contractual indemnification.  MST is contractually liable to indemnify NALT for the costs, expenses, and attorney's fees that NALT has necessarily incurred as a result of this litigation commenced by MST.[3]  MST is <u>bound</u> by the Conservation Easement, which contains provisions expressly requiring MST to indemnify NALT and hold it harmless from and against all costs and expenses, including reasonable attorney's fees, incurred by NALT in relation to disputes over the Conservation Easement.

MST is the owner of certain real property in Georgetown County, as described in Paragraph 6 of the Plaintiff's Complaint (ECF No. 1) ("Weehaw"), having purchased its property from Kyle N. Young and Jaqueline M. Young (the "Youngs") in 2010, pursuant to a conveyance deed recorded in the Register of Deeds for Georgetown County at Book

---

[3]    At this time, NALT seeks judgment only on MST's liability, and NALT reserves the right to submit evidence of its damages in the form of affidavits and supporting exhibits.  At the time of this filing, NALT has incurred nearly Two Hundred Thousand Dollars ($200,000) in costs and fees, an amount which is anticipated to continue to increase until a final judgment is rendered.

4

1497 Page 342 (Exhibit 1, MST's Deed).  MST's Deed states that MST's ownership of and title to Weehaw is subject "to the Conservation Easement and Declaration of Restrictive Covenants made December 29, 1995 between Larry Young and Judy Young and North American Land Trust recorded on December 29, 1995 in Deed Book 669 at Page 300; to the Amendment to Conservation Easement and Declaration of Restrictive Covenants between [the Youngs] and the North American Land Trust dated December 19, 2008 and recorded on December 30, 2008 in Record Book 1122 at page 80; and to all covenants, conditions, restrictions and easements as may be applicable as recorded in the public records of Georgetown County."  Ex. 1; *see also* Exhibit 2, the "Conservation Easement," and Exhibit 3, the "Amendment."

The Conservation Easement, as amended, thus encumbers MST's real property, and it establishes the rights and obligations of the Grantor and Grantee thereto.  MST is the successor to the "Grantor"[4] identified in the Conservation Easement, as amended, and MST is thus bound by the Grantor's covenants and obligations thereunder.  NALT is the "Grantee" identified in the Conservation Easement.  The Conservation Easement is clear that it "shall run with the land and be binding upon, and inure to the benefit of, the

---

[4] As discussed in NALT's and GMH's Motions to Dismiss (ECF Nos. 14, 15, 23, 24) and subsequent Motions for Reconsideration (ECF Nos. 63, 66, 79, 80, 111, 112), MST is the successor to the Grantor only with respect to MST's own property.  The covenants and requirements of the Conservation Easement run with MST's own land and thereby bind MST to perform on the Grantor's obligations to NALT.  However, MST's rights do not extend beyond the boundaries of its own land, and it lacks standing and legal ability to affect GMH's title and property interests.

For purposes of clarity, the terms "Grantor" and "successor to the Grantor," as used herein, refer to MST's relationship (as a successor) to the Grantor of the Conservation Easement, as amended, with regards to MST's real property, which was conveyed to MST by the Youngs subject to the 1995 Conservation Easement and the 2008 Amendment.

5

parties hereto and their respective heirs, successors and assigns." (Ex. 2, p. 10, Art. F.10).

The Conservation Easement contains clear and unambiguous terms obligating MST, as successor to the Grantor, to indemnify, defend, and hold harmless NALT, including from and against any claim, loss, costs (including attorney's fees) or expenses of any nature or kind, including those arising out of and related to MST's Complaint. (*See* Ex. 2, p. 8, Art. F.3 (stating that "Grantor covenants and agrees to indemnify, defend and hold harmless the Grantee from and against any loss, cost (including reasonable attorneys fees), liability, claim, penalty, fine, and damage, of any kind or nature whatsoever, which Grantee may suffer or incur or which is commenced or threatened against Grantee or any of its directors, officers or employees arising from violation of any law involving the Property"); *see also* Ex. 2, p. 8, Art. F.4 (stating that "Grantor shall defend, indemnify and hold harmless Grantee . . . from and against any claims, demands, penalties, fines, liabilities, settlements, damages, costs or expenses of whatever kind or nature known or unknown, contingent or otherwise because of non-compliance with this Declaration or any law, regulation, ordinance or court order.")). **These indemnification and defense provisions of the Conservation Easement are clear, and their plain meaning obligates MST to bear the cost of NALT's defense in this litigation filed by MST against NALT – regardless of the outcome.** No provision of the Amendment alters or dilutes MST's obligations to NALT.

## CONCLUSION

NALT therefore seeks a judgment from this Court holding, as a matter of law, that MST is contractually obligated by the Conservation Easement to indemnify NALT for

NALT's costs, expenses, and attorney's fees associated with this lawsuit. Moreover, for the reasons set forth in GMH's Motion for Summary Judgment, and incorporated herein, this Court should grant summary judgment in favor of NALT on MST's claims, grant such other relief as it deems proper, and award to NALT its expenses incurred in connection with this action, including its reasonable attorney's fees and costs.

Respectfully submitted,

FORD WALLACE THOMSON LLC

s/ Ainsley F. Tillman
Ainsley F. Tillman (Fed. Bar No. 12847)
  Ainsley.Tillman@FordWallace.com
Ian S. Ford (Fed. Bar No. 9057)
  Ian.Ford@FordWallace.com
Robert E. Byrd (Fed. Bar No. 14367)
  Robert.Byrd@FordWallace.com
715 King Street
Charleston, SC  29403
(843) 277-2011
www.FordWallace.com

*Attorneys for Defendant North American Land Trust*

Charleston, South Carolina
April 1, 2025