# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| MST, LLC, | Civil Action No. 2:22-cv-874-DCN |
| Plaintiff, | |
| vs. | **CONSENT ORDER APPROVING SETTLEMENT AND DISMISSING ALL CLAIMS WITH PREJUDICE** |
| North American Land Trust and Georgetown Memorial Hospital, | |
| Defendants, | |
| Georgetown Memorial Hospital, | |
| Third-Party Plaintiff, | |
| vs. | |
| Kyle Young and Jacqueline Young, | |
| Third-Party Defendants. | |

WHEREAS, on December 29, 1995, Larry Young and Judy Young entered into a Conservation Easement and Declaration of Restrictive Covenants dated December 29, 1995, with Defendant, North American Land Trust ("NALT"), recorded in the Office of the Register of Deeds for Georgetown County at Book 1497 Page 342 (the "1995 Conservation Easement"), encumbering approximately 788 acres of a larger tract of land owned by Larry Young and Judy Young known as Weehaw Plantation;

WHEREAS, on June 28, 2004, Third-Party Defendants Kyle and Jacqueline Young acquired Weehaw Planation from Sand Dunes Ocean Front Resort, LLC by deed dated June 24, 2004, recorded in the Office of the Register of Deeds for Georgetown County at Book 1529 Page 191;

WHEREAS, on December 19, 2008, Third-Party Defendants, Kyle and Jacqueline Young, Defendant and Third-Party Plaintiff, Georgetown Memorial Hospital ("GMH"), and NALT executed an amendment to the 1995 Conservation Easement (the "2008 Amendment") to release 56.75 acres from the 1995 Conservation Easement. The 2008 Amendment is recorded in the Office of the Register of Deeds for Georgetown County at Book 1122 Page 80;

WHEREAS, on December 30, 2008, Georgetown Hospital Systems ("GHS") purchased 65 acres of Weehaw Plantation from Kyle and Jacqueline Young (the "GMH Weehaw Parcel"), which included the 56.75 acres that was the subject of the 2008 Amendment, by deed recorded in the Office of the Office of the Register of Deeds for Georgetown County at Book 1122 Page 94;

WHEREAS, on or about August 10, 2009, GHS transferred the GMH Weehaw Parcel to GMH by corrective deed recorded in the Office of the Register of Deeds for Georgetown County at Book 1313 Page 151

WHEREAS, on June 16, 2010, Plaintiff, MST, LLC ("MST"), acquired from Kyle and Jacqueline Young the remaining balance of Weehaw Plantation of approximately 687.20 acres by deed recorded in the Office of the Register of Deeds for Georgetown County at Book 1497 Page 342 that, among other things, expressly stated that MST purchased that property "subject to" the 1995 Conservation Easement and the 2008 Amendment;

WHEREAS, MST filed this action on March 16, 2022, seeking a judicial determination as to whether the Amendment was legally effective in extinguishing the 1995 Conservation Easement on the 56.75 acres that were part of the real property initially encumbered by the 1995 Conservation Easement that were sold to and are still owned by GMH;

WHEREAS, the parties have litigated this action for more than three years and have determined that their respective interests are best served by a compromise and settlement, without any

party admitting liability or fault, to end years of litigation among them and avoid the risk of an uncertain outcome; and

WHEREAS, the settlement of the parties is conditioned on Court approval.

NOW, THEREFORE, the parties agree to, and the Court approves, and reaffirms the following terms and conditions of the settlement entered by MST, GMH, NALT, and Jacqueline Young[1] (the "Parties):

1. The Parties have entered into the Settlement Agreement and Release that has been negotiated by them ("Settlement Agreement and Release");

2. GMH and/or its insurer shall pay MST the amount specified in the Settlement Agreement and Release;

3. GMH and/or its insurer, on the one hand, and MST, on the other, shall pay NALT the amounts specified in the Settlement Agreement and Release;

4. Jacqueline Young shall pay GMH the amount specified in the Settlement Agreement and Release;

5. MST and GMH shall enter The Declaration of Restrictive Covenants encumbering the 56.75 acres now owned by GMH as specified in the Settlement Agreement and Release;

6. MST shall promptly commence the construction of a new entrance road for Weehaw Plantation as specified in the Settlement Agreement and Release;

7. Upon completion of the new entrance road to Weehaw Plantation, MST shall release and extinguish any alleged easement or right of access across the 56.75 acres now owned by GMH as specified in the Settlement Agreement and Release;

---

[1] Third-Party Defendant Kyle Young has not appeared in the action and is in default.

8. MST affirms that it took title to the portion Weehaw Plantation not transferred to GMH in 2008, subject to the 1995 Conservation Easement and 2008 Amendment, as stated in the deed of conveyance to MST dated June 16, 2010, from Kyle Young and Jacqueline Young, recorded in the Office of the Register of Deeds for Georgetown County at Book 1497 Page 342;

9. The parties acknowledge and affirm that the 2008 Amendment is valid and legally effective, and the 1995 Conservation Easement does not encumber the 56.75 acres now owned by GMH; and

10. The Settlement Agreement and Release and this Order shall be binding on the Parties and the successors in title to the 56.75 acres now owned by GMH and the successors in title to the remaining acreage of Weehaw Plantation now owned by MST.

IT IS, THEREFORE, ORDERED:

   a. That the terms of the compromise and settlement as set forth in the Parties' Settlement Agreement and Release that end the expense, delay, and uncertainties of litigation are reasonable under the circumstances, and ARE HEREBY APPROVED;

   b. That the 56.75 acres now owned by GMH are not encumbered by the 1995 Conservation Easement;

   c. That the terms of the 2008 Amendment remain in full force and effect;

   d. That this Order may be recorded by the Parties in the Office of the Register of Deeds for Georgetown County in the chains of title for the 56.75 acres owned by GMH (deeds recorded in the Office of the Register of Deeds for Georgetown County at Book 1122 Page 94, and at Book 1313 Page 151) and the remaining acreage of Weehaw

Plantation owned by MST (deed recorded in the Office of the Register of Deeds for Georgetown County at Book 1497 Page 342).

e. That MST's Complaint, NALT's Counterclaim, and GMH's Third-Party Complaint and the claims therein are hereby DISMISSED WITH PREJUDICE.

f. That the Court shall retain jurisdiction solely for purposes of enforcing the settlement, if necessary.

AND IT IS SO ORDERED.

September 29, 2025
Charleston, South Carolina

David C. Norton
United States District Judge

**WALKER GRESSETTE & LINTON, LLC**

/s/G. Trenholm Walker
**John P. Linton, Jr. (Fed ID# 11089)**
Direct: (843) 727-2252
Email: Linton@WGLFIRM.com
**G. Trenholm Walker (Fed ID# 4487)**
Direct: (843) 727-2208
Email: Walker@WGLFIRM.com
**James W. Clement (Fed ID# 12720)**
Direct: (843) 727-2224
Email: Clement@WGLFIRM.com
Mail: P.O. Drawer 22167, Charleston, SC 29413
Office: 66 Hasell Street, Charleston, SC 29401
Phone: (843) 727-2200
*Attorneys For Plaintiff MST, LLC*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/Wesley T. Moran
Wesley T. Moran (Fed ID # 12797)
Email: wes.moran@nelsonmullins.com
P.O. Box 3939
Myrtle Beach, SC 29577
T: (843) 448-3500
*Attorneys For Defendant Georgetown Memorial Hospital*

**THURMOND KIRCHNER AND TIMBES PA**

/s/Michael A. Timbes
Michael A Timbes (Fed ID No. 09951)
15 Middle Atlantic Wharf
Suite 101

**FORD WALLACE THOMPSON LLC**

/s/Ainsley F. Tillman
Ainsley F. Tillman (Fed ID # 12847)
Email: Ainsley.Tillman@FrodWallace.com
Ian S. Ford (Fed ID # 9057)
Email: Ian.Ford@FordWallace.com

5

| | |
|---|---|
| Charleston, SC 29401<br>843-937-8000<br>Email: michael@tktlawyers.com<br>***Attorneys for Third-Party Defendant Jacqueline Young*** | Robert E. Byrd (Fed UD # 14367)<br>Email: Robert.Byrd@FordWallace.com<br>715 King Street<br>Charleston, SC 29403<br>T: (843) 277-2011<br>***Attorneys For Defendant North American Land Trust*** |